| UNITED STATES BANKRUPTCY COURT | DATE: July 24, 2017 |
| --- | --- |
| SOUTHERN DISTRICT OF NEW YORK | TIME: 10:00am |

---------------------------------------------------------X

In re:

   VICTOR E. ALVAREZ                 CASE NO. 11-23833-rdd

   MARGARITA ALVAREZ            CHAPTER 7

                   Debtors.

-------------------------------------------------------X

## NOTICE OF MOTION FOR AN ORDER REOPENING DEBTORS' CASE UNDER 11 U.S.C. § 350(b), FEDERAL RULE OF BANKRUPTCY PROCEDURE 5010 TO FILE A MOTION TO AVOID JUDGMENT LIEN UNDER TO 11 U.S.C. § 522(f)

**S I R S:**

**PLEASE TAKE NOTICE,** that upon the annexed Motion of the debtors, Victor E. Alvarez and Margarita Alvarez, by their attorney, Wendy Marie Weathers, Esq. of Cabanillas & Associates, P.C., dated February 28, 2017 the undersigned will move this Court before the Hon. Robert D. Drain, U.S. Bankruptcy Judge, Southern District of New York at the U.S. Bankruptcy Courthouse, 300 Quarropas Street, White Plains, NY 10601 on July 24, 2017 at 10:00 am or as soon thereafter as counsel can be heard for an Order under 11 U.S.C. **§** 350(b), Federal Rule of Bankruptcy Procedure 5010, reopening debtors' case to file a motion under 11 U.S.C. § 522(f)(2)(A) to avoid the following judgments:

| **JUDGMENT CREDITOR** | **DATE ENTERED** | **AMOUNT** |
| --- | --- | --- |
| Chase Bank USA, N.A. | May 17, 2010 | $9,799.21 |
| Citibank South Dakota, N.A. | September 28, 2010 | $7,814.64 |
| FIA Card Services, N.A. | June 14, 2011 | $6,840.08 |

(c) and for such other and further relief as to the Court may seem just and proper.

{01151990 /1 }

**PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, shall be served upon and received by counsel for the debtor at the address indicated below and filed with the Court together with proof of service, no later than THREE (3) days prior to the return date hereof.

Dated: White Plains, New York
       June 9, 2017

                                            CABANILLAS & ASSOCIATES, P.C.

                                            */s/ Wendy Weathers*
                                   By:  Wendy Marie Weathers, Esq.
                                          Cabanillas & Associates, P.C.
                                          Attorneys for the Debtor
                                          120 Bloomingdale Road, Suite 400
                                          White Plains, NY 10605
                                          (914) 418-2023
                                          (914)206-7780
                                          bankruptcy@cabanillaslaw.com

To:

Victor and Margarita Alvarez
60 Waring Place
Yonkers, NY 10703

Marianne T. O'Toole
Marianne T. O'Toole, LLC
22 Valley Road
Katonah, NY 10536

United States Bankruptcy Court
South District of New York
300 Quarropas Street
White Plains, NY 10601

United States Trustee
201 Varick Street, Room 1006
New York, NY 10014

Chase Bank USA, N.A.
200 White Play Center Dr
Newark, DE 19711

JPMorgan Chase Legal Dept
1985 Marcus Avenue
New Hyde Park, NY

Citibank South Dakota, N.A.
701 East 60th Street N
Sioux Falls, SD 57117

Forster & Garbus, LLP
500 Bi-County Blvd.
Farmingdale, NY

FIA Card Services, N.A.
655 Papermill Rd
Newark, DW 19711

Sharinn & Lipshie, PC
333 Earle Ovington Blvd.
Uniondale, NY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**In re:**

   **VICTOR E. ALVAREZ**          **CASE NO. 11-23833-rdd**
   **MARGARITA ALVAREZ**       **CHAPTER 7**

            Debtors.
-------------------------------------------------------------X

**MOTION WITH POINTS OF LAW FOR ORDER**
**REOPENING DEBTORS' CASE UNDER 11 U.S.C. § 350(b),**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 5010**
**TO FILE A MOTION TO AVOID JUDGMENT LIEN UNDER TO 11 U.S.C. § 522(f)**

**TO THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE:**

      The motion of the debtors, Victor and Margarita Alvarez, (the "debtors") by their attorney Wendy Marie Weathers, Esq. of Cabanillas & Associates, P.C., respectfully represents:

      1.    On September 16, 2011, the debtors, Victor and Margarita Alvarez filed a voluntary petition for relief under Chapter 7 of Title 11, *et. seq.*, of the United States Bankruptcy Code and an order of relief was duly entered.

      2.    On December 27, 2011, the debtors received a discharge pursuant to an Order of Discharge and Order of Final Decree that was entered on this Court's docket at ECF Docket No. 21, and the Debtors' Chapter 7 case was subsequently closed on September 18, 2014

      3.    The debtors desire to reopen their Chapter 7 case pursuant to 11 U.S.C. § 350(b) so that they may file a motion pursuant to 11 U.S.C. §522(f)(2)(A) to avoid certain judicial liens.

      4.    The debtors are the owners and reside at certain real property located at 60 Waring Place, Yonkers, NY 10703 (the "Property").

*5.*        The Debtors claimed a homestead exemption in an amount certain pursuant to NYCPLR §5206

6.        The value of the property was $300,000.00 on the date of filing the bankruptcy petition on September 16, 2011. (Annexed hereto as Exhibt "A" is a copy of Debtors' schedule A).

7.        At the time of the filing of the petition herein, said property was encumbered by a first mortgage lien held by Bank of America in the sum of approximately $329,561.09 (Annexed hereto as Exhibit "B" is a mortgage statement).

8.    At the time of the filing of the petition herein, said property was encumbered by a second mortgage lien held by Citibank, N.A. in the sum of approximately $86,697.74 (Annexed hereto as Exhibit "B" is the mortgage information)

9.    At the time of the filing the petition herein, the Property was encumbered by a pre-petition lien, a judgment lien, held by Chase Bank USA, N.A. in the amount of $9,799.21 which was recorded on May 17, 2010 in Index No. 28269-09. (Annexed hereto as **Exhibit "C"** is a copy of the Chase Bank USA, N.A. Judgment).

10. At the time of the filing the petition herein, the Property was encumbered by a second pre-petition lien, a judgment lien, held by Citibank South Dakota, N.A. in the amount of $7,814.64 which was entered on September 28, 2010 and recorded on October 25, 2010 in Index No. T010204-10. (Annexed hereto as **Exhibit "C"** is a copy of the Citibank South Dakota, N.A. Judgment).

11. At the time of the filing the petition herein, the Property was encumbered by a third pre-petition lien, a judgment lien, held by FIA Card Services, N.A. in the amount of

{01151990 /1 }        5

$6,840.08 which was entered on June 14, 2011 and recorded on July 11, 2011 in Index No. T005835-11 (Annexed hereto as **Exhibit "C"** is a copy of the FIA Card Services, N.A. Judgment).

### THE DEBTORS SHOULD BE PERMITTED TO REOPEN THEIR CASE TO AVOID CERTAIN JUDICIAL LIENS UNDER 11 U.S.C. § 522(f)(A)

12. Section 11 U.S.C. §350(b) provides: "(b) A case may be reopened in the court in which such case was closed to administer assets, ***to accord relief to the debtor, or for other cause*** [emphasis added]."

13. The Court should grant the debtors' motion pursuant to 11 U.S.C. § 350(b) and reopen the case because the debtor has demonstrated to the Court a prima facia case entitling them to the relief requested. *E.g., Noble v. Yingling,* 29 B.R. 998 (D.Del.1983), *after remand,* 37 B.R. 647 (D.Del.1984); *In* re *Yazzie,* 24 B.R. 576 (Bankr. App. 9th Cir.1982*); In* re *Skakalski,* 67 B.R. 448 (Bankr.W.D.Pa.1986); *In reCarilli,* 65 B.R. 280 (Bankr. E.D.N.Y. 1986); I*n re Palmquist,* 54 B.R. 24 (Bankr. D.Colo.1985); *In re Moser*, 27 B.R. 144 (Bankr.E.D.N.Y.1983*); In re Hall,* 22 B.R. 701 (Bankr.E.D.Pa.1982); *Matter of Russell*, 20 B.R. 537 (Bankr.W.D.Pa.1982); *Matter of Hart,* 16 B.R. 78 (Bankr.D.Neb. 1981); *Matter of Swanson*, 13 B.R. 851 (Bankr.D.Idaho 1981).

14. The rule set forth in the above-cited cases holds that the permissive nature of §350(b) allows debtors to reopen their case for the purpose of having the Court consider a motion to avoid the judicial liens under 11 U.S.C. §522(f), provided that, the creditors are not prejudiced thereby.

15. In the case of *In re Skakalski*, the Court considered the issue of whether the debtor

should be permitted to reopen his case for the purpose of presenting to the Court a motion to avoid a judicial lien pursuant to 11 U.S.C. §522(f).   The Court, addressing the issue, opined that the language of 11 U.S.C. §350(b) "appears to be a clear and specific grant of a right to the debtor and a direction to the Court or a grant of permission to the Court to reopen a case to accord to the debtor the relief contained in the Bankruptcy Code, and is applicable in this instance." *Id.* at 451.

16. In the case of *In re Hall*, *supra.* at 702-702, the Court quoting *In re Hart*, *supra.*, when ruling upon the issue, stated:

> [T]here is nothing in the Bankruptcy Code or Rules or the legislative history of either to indicate that § 522(f) could be invoked only prior to discharge.   The imposition of an artificial deadline for filing a § 522(f) complaint in fact runs counter to the congressional intent of the section that of protecting the debtor's exemption as well as his discharges . . .
>
> It would be inconsistent with the congressional scheme of fresh start to deprive an individual filing under the new Code the opportunity to regain his exempt property.   The language of the exemption section should, therefore, be read to allow the fullest application of its provisions.   Accordingly, post-discharge use of the exemptions through lien avoidance will be permitted.

17. The rule set forth would prevent the Court from granting the relief requested in the instant case ***only if*** the debtors' creditors demonstrate that they would suffer prejudice thereby due to a material change in their position post-discharge.   *In re Hawkins*, *supra.*, *In re Skakalski*, *supra.*, *In re Hall*, *supra.*, *In re Rheinbolt*, *supra.*, *In re Newton*, *supra.* and *In re McDonald*, *supra.*

18. It is patently clear that no prejudice will result to any of the debtors' creditors by allowing the debtors to reopen their case for the purpose of filing a motion pursuant to 11 U.S.C.

§522(f)(2)(A).

19. Upon information and belief, the debtors' judgment lien creditors have not materially changed their position in reliance upon the debtors' failure to bring said motion.

20. In the instant case, the debtors have demonstrated that they are entitled to reopen their case under 11 U.S.C. § 350(b) as debtors have shown there is a basis upon which the Court may grant them relief pursuant to 11 U.S.C. § 522(f)(2)(A) and that no prejudice will result to the judgment and lien creditors.  *In re Skakalski*, *supra*., *In re Hall*, *supra*., *In re Hart, supra*., *In re Gortmaker*, *supra*., *In re Rheinbolt*, *supra*., *In re McDonald*, *supra*., *In re Newton*, *supra*., *In re Peterson*, *supra*., and *In re Hawkins*, *supra*.

21. Accordingly, for all of the foregoing reasons, the debtor should be granted the relief sought.

22. The Bankruptcy Court should exercise its equitable powers in this matter so as to prevent substantial injustice.

**THE JUDICIAL LIENS FILED AGAINST THE DEBTORS' REAL PROPERTY IMPAIRS THE DEBTORS' EXEMPTION IN SAID REAL PROPERTY AND MAY BE AVOIDED PURSUANT TO 11 U.S.C. § 522(f)**

23. Prior to the filing of the petition herein, the following judicial liens was filed against the debtor, Victor E. Alvarez:

| **JUDGMENT CREDITOR** | **DATE ENTERED** | **AMOUNT** |
| --- | --- | --- |
| Chase Bank USA, N.A. | May 17, 2010 | $9,799.21 |
| Citibank South Dakota, N.A. | February 16, 2011 | $7,814.64 |
| FIA Card Services | June 14, 2011 | $6,840.08 |

Sections 522(f)(1) and 522(f)(2) of the United States Bankruptcy Code (the "Code") set forth a "bright line formula" for the avoidance of judicial liens impairing a debtor's exemptions and the application of such formula to the facts of this case supports a finding that the judicial lien held by the respondent herein should each be avoided in its entirety.   11 U.S.C. §§ 522(f)(1) and (2); *In re Judson*, 18 CBN 186 (B.Ct. D.Me. 2007); *In re Levinson*, 372 B.R. 582 (B.Ct. E.D.N.Y. 2007); *In re Wilding*, 475 F.3d 428, 432 (1st Cir.2007); *In re Bradley*, 369 B.R. 147, 151-152 (B.Ct.S.D.N.Y. 2007); *In re Pacheco*, 342 (B.R. 352, 357 (B.Ct.D.N.M. 2006); *In re Salanoa*, 263 B.R. 120, 123 (B.Ct.S.D.Cal. 2001); *In re Newell*, 311 B.R. 268 (B.Ct.D.Co. 2004) (citing *In re Pepper*, 210 B.R. 480 (B.Ct.Colo. 1997)); *In re Kolich*, 273 B.R. 199 (8th Cir. BAPPPP 2002), aff'd, 328 F.3d 406 Z(8th Cir. 2003); and *In re Holland*, 151 F.3d 546 (6th Cir. 1998).

As clarified by Judge Hardin, "…the Bankruptcy Code and its legislative history, as well as case law makes clear that Debtors…, who have no equity in their property, may qualify for exemptions and avoid judicial liens which impair the exemptions." *In re Brody*, 297 B.R. 5, 7 (S.D.N.Y. 2003) (citing *In re Higgins, 270 B.R. at 1540155; In re Whitehead*, 226 B.R. at 541).

Section 522(f)(1) of the Code states, in relevant part:

> …[t]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
> (A) a judicial lien,…

11 U.S.C. § 522(f)

In this case, there has been a fixing of liens on an interest of the debtor in his property, the liens impair the exemption to which the debtor would have been entitled, and the liens are judicial liens.   Thus, as all three factors are present, as set forth in 11 U.S.C. § 522(f)(1)(A), the debtor may avoid the fixing of the judicial liens.   See *In re Armenakis*, 406 B.R. 589, 604 (Bankr.

{01151990 /1 }

S.D.N.Y. 2009).

Section 522(f)(2) of the Code clarifies and adds:

(A) For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
  (i)   the lien;
  (ii)  all other liens on the property; and
  (iii) the amount of the exemption that the debtor could claim if there were exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The following results are obtained when the facts of the debtor's case are applied to the to the equation set forth under 11 U.S.C. § 522(f)(2)(A):

(i)   Chase Bank USA, N.A.'s lien sought to be avoided is $9,799.21;
(ii)  Citibank South Dakota's lien sought to be avoided is $7,814.64
(iii) FIA Card Services' lien sought to be avoided is $6,840.08;
(iv)  Unavoidable liens on the property –
  a. Bank of America in the amount of $329,561.09
  b. Citibank, N.A. in the amount of $86,697.74
(v)   Debtor claimed a homestead exemption pursuant to 11 NYCPLR §5206

The sum of (i) through (v) as set forth above is $440,712.76. The debtor's interest in the Property is no more than $300,000.00; thus the debtor's homestead exemption is impaired in the amount of $140,712.76. Since the impairment exceeds the value of the judicial liens that total the sum of $24,453.93, the judicial liens may be avoided.

Under the statutory formula set forth in Section 522(f) and the guidance of the court in *Armenakis* and *Higgins*, the judicial liens held by Chase Bank USA, N.A., Citibank South Dakota, and FIA Card Services should be avoided in their entirety because after calculating the liens and the homestead exemption and subtracting the debtor's interest in the Property, there is no equity remaining in the property available for the judicial liens.

Furthermore, the debtors' request to avoid the judicial liens satisfies the three-pronged test

{01151990 /1 }

set forth in *Armenakis*.   First, section 101(63) of the Code defines a judicial lien as a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.   The judicial liens are based upon a judgment obtained against the debtor for nonpayment of a debt allegedly owed.   Second, the judicial liens impair the debtors' available homestead exemption such that there is no remaining equity for the judicial liens or any other judicial lien to attach.   As a result, allowing the judicial liens to remain would impair the homestead exemption to which the debtors are entitled.   Finally, the judicial lien arose prior to the bankruptcy filing at a time when the debtor held title to the property.

## **CONCLUSION**

For all the foregoing reasons, the debtor respectfully requests that the Motion be granted, that this Court enter an Order avoiding the judicial liens held by Chase Bank USA, N.A., Citibank South Dakota, and FIA Card Services in their entirety; and grants the debtor such other and further relief as this Court deems appropriate.

Dated:  White Plains, New York
        June 9, 2017

                                           **CABANILLAS & ASSOCIATES, P.C.**

                                           */s/ Wendy Weathers*
                                  By:   Wendy Marie Weathers, Esq.
                                         Cabanillas & Associates, P.C.
                                         Attorneys for the Debtor
                                         120 Bloomingdale Road, Suite 400
                                         White Plains, NY 10605
                                         (914) 418-2023
                                         (914)206-7780
                                         bankruptcy@cabanillaslaw.com

{01151990   /1 }